ERMA DeBOWES v. RAY O. DeBOWES

12 So. (2nd) 118                          January Term, 1943
February 23, 1943                              Division B

424

[redacted]

*H. H. Taylor* and *Wm. W. Charles,* for appellant.

*Carl T. Hoffman, L. L. Robinson* and *Sam C. Matthews,* for appellee.

THOMAS, J.:

In a suit instituted in Dade County a decree was entered in favor of the plaintiff, Ray O. DeBowes, against the defendant, Erma DeBowes, and upon appeal by the latter was affirmed, Fla., 9 So. (2nd) 632. The mandate issued from this court 5 October 1942.

Among other provisions in the decree were the ones: (1) that the complainant husband should pay to the defendant twenty dollars per week as permanent alimony; and (2) *"that in lieu of a larger alimony award . . .* [defendant] is further awarded the sole right to the use and occupancy of the home property, the title to which is vested in the plaintiff . . . together with the furniture and furnishings . . . upon which property the plaintiff is required to . . . pay all monthly installments which may become due and to keep and perform all the terms and conditions of the mortgage

encumbering said home, including the payment of insurance and taxes." (Italics supplied).

About a month after the issuance of the mandate Ray O. DeBowes presented to the equity court his petition for an "order minimizing the burdens imposed" upon him under the decree. He relied upon Section 65.15, Florida Statutes, 1941, which authorizes application to the circuit court for a decrease or increase of the amount of "separate support, maintenance or alimony" when "the circumstances of the parties or the financial ability of the husband shall have been changed since . . . rendition" of a decree.

The substance of the petition was that the complainant had complied with the final decree in all respects but that he could not continue to abide by it because of his steadily diminishing earnings and his inability to defray his personal expenses. He further represented that under the Selective Training and Service Act of 1940, 50 U.S.C.A. appendix, Sec. 301 et seq. he had been placed in class I-A and had been notified that he would be inducted into the military forces. He elaborated upon this allegation by stating that "upon induction into the military service of the United States of America in the near future, your petitioner will be paid . . . $50.00 per month, and his present income from his present employment will cease . . . ."

Upon the petition and the answer to it testimony was taken before the chancellor who entered an order striking from the final decree the provision for the occupancy of the property by the defendant in the divorce case, appellant here, and requiring her to deliver possession to the appellee. There was no interference with the allotments previously made for alimony.

We will treat of the two grounds, namely, reduced income and impending military service in inverse order. It appears from the record that the petitioner, forty-one years of age, was required by the local Selective Service Board, 20 October 1942, to appear for physical examination, which passed, and that a week later he was notified that he had been placed in class I-A. It was indicated on the notice of classification that he would be called to duty in January, but so far as the record

discloses his service is still a contingency. Such service having been merely prospective at the time the judge signed the order now under review there was no justification for amending the final decree in anticipation that he would become a member of the armed forces. Presentation of the change in appellee's resources, because of such service, will be appropriate when induction into the armed forces eventuates.

The remaining ground under consideration is the lessening of the petitioner's income to such a decree as would justify revision of the final decree. He should not expect relief because of increased living expenses caused by a subsequently contracted marriage. His obligation to the appellant under the decree is paramount and she should not suffer on account of the cost to him of a later union. That was decidedly his responsibility. Unquestionably, his outlay mounted when he re-married, but he is entitled to no reduction of alimony to his first wife because of this added burden.

We have perused the testimony taken in the supplementary proceeding and compared it with the evidence of income introduced in the original case. We are convinced that there has been no such change in the earnings of the appellee since the entry of the final decree as to warrant evicting his former wife from the property which was awarded her, according to the language of the final decree, "in lieu of a larger alimony award."

The propriety of another order entered by the chancellor in this proceeding is challenged by the petition for certiorari. He denied an application of the appellant, made after the petition for reduction of alimony, for certain expenses and counsel fees. It is the position of the appellant that this was error in view of the provisions of Rule 24 of this Court, while the appellee counters with the citation of our former decisions that when the marriage relationship has been severed there is no authority for the granting of such fees.

The appellant's petition was filed 5 December 1942, approximately sixty days after the issuance of the mandate by this court, and sought an award for the services of her counsel for arguing to the chancery court a petition for re-

hearing in the initial litigation, for representing her before this court in resisting a motion to dismiss her appeal, for presenting her case upon the merits and for preparing her petition for rehearing after the filing of an opinion of affirmance. She also requested the court to allow her the cost of the preparation of the transcript on the appeal and certain incidental items of costs incurred between 12 February and 21 July, 1942, obviously before the inception of the present proceedings.

It is not clear how the appellant expects to avail herself of the provisions of Rule 24. In the first place, it does not comprehend counsel fees. As we have stated the mandate issued 5 October 1942, but it is not shown when it was filed. If the costs were not assessed in the mandate the appellant should have applied to the court to fix them in the final decree. In the event neither procedure was followed she could have requested the chancellor to enter a separate judgment therefor not later than "sixty days after the filing of the mandate." Although the petition we are examining may have been presented within the sixty day period, depending upon whether the mandate was filed in the circuit court not earlier than October sixth, it did not contain a prayer for the relief outlined in Rule 24, but sought an order, (1) "awarding to her a reasonable sum *to be* paid her counsel for the services, aforesaid" and (2) "the expenses incurred . . . ."

The defendant did not take advantage of any of the remedies afforded by the rule. This Court lost jurisdiction of the case when the mandate was issued and the June term, 1942 closed. Meanwhile, the circuit court had also lost jurisdiction. Both are now powerless to grant her any relief so far as costs, expenses and attorney's fees of the first case are concerned.

The petition being originally not one for costs and suit money in the present matter there is no need for us to explore the law on the power of courts to grant solicitor's fees to a wife after a decree of divorce has become absolute.

Certiorari to review the order of the chancellor denying the application to tax costs and compensate the attorneys is.

denied; the order of 7 January 1943, modifying the final decree of 26 May 1941, is quashed.

It is so ordered.

BUFORD, C. J., BROWN, and SEBRING, JJ., concur.